**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **LISA TOWNS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 5:13-CV-370 (MTT)** |
| | ) |
| **LAKE CROSSING HEALTH CENTER,** | ) |
| **LLC,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on Defendants University Health, Inc. ("UH") and

University Physicians Associates, P.C.'s ("UPA") motion to dismiss for improper venue

or, in the alternative, to transfer (Doc. 6) and the Plaintiff's motion to transfer (Doc. 9).

For the following reasons, the Defendants' motion is **GRANTED in part** and **DENIED in**

**part**, and the Plaintiff's motion is **GRANTED**.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are
residents of the State in which the district is located; (2) a judicial district in
which a substantial part of the events or omissions giving rise to the claim
occurred, or a substantial part of property that is the subject of the action
is situated; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any
defendant is subject to the court's personal jurisdiction with respect to
such action.

For purposes of subsection (1), residency of "an entity with the capacity to sue and be

sued in its common name under applicable law, whether or not incorporated," is

determined by looking to any judicial district in which the defendant is subject to the

court's personal jurisdiction for the civil action in question.  28 U.S.C. § 1391(c)(2).  In

states with more than one judicial district, such as Georgia, "and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."  28 U.S.C. § 1391(d).

If venue is improper in the district or division in which the case is filed, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A district court transferring a case pursuant to § 1406(a) need not have personal jurisdiction over the defendants.  *Goldlawr, Inc. v. Heiman*, 396 U.S. 463, 466 (1962).

UH, UPA, and the Plaintiff all agree venue is not proper in the Middle District of Georgia and would be proper in the Augusta Division of the Southern District of Georgia, which leads the Court to wonder why the Plaintiff filed her case here.  The Complaint asserts UH and UPA have their principal places of business in Richmond County, Georgia, and Defendant Lake Crossing Health Center, LLC has its principal place of business in Warren County, Georgia, all of which are located in the Southern District of Georgia.  (Doc. 1 at ¶¶ 2-3).  Based on the Complaint and the Parties' motions, it appears the alleged events giving rise to the claim occurred in Southern District of Georgia as well.

Because venue is not proper in this District and the Court finds transfer would be in the interest of justice, the Defendants' motion is **GRANTED in part** and **DENIED in**

**part**, and the Plaintiff's motion is **GRANTED**.  This action is **TRANSFERRED** to the

Southern District of Georgia.

      **SO ORDERED**, this the 15th day of November, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
